***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Baddour. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Capital City Insurance was the carrier on the risk with Southeastern Claims Services as the Administrator at all relevant times herein.
3. An employee-employer relationship existed between the parties at all relevant times herein.
4. Plaintiff sustained an admittedly compensable injury to his back on May 19, 2001. Defendants contest the compensability of plaintiff's groin injury.
5. The following stipulated exhibits were admitted into evidence:
(a) Stipulated Exhibit 1: Pre-Trial Agreement
(b) Stipulated Exhibit 2: Plaintiff's Medical Records
(c) Stipulated Exhibit 3: Industrial Commission Forms
 (d) Stipulated Exhibit 4: Plaintiff's Discovery Responses
6. The issues for determination are:
 (a) Whether plaintiff's groin injury is causally related to his accident at work on May 19, 2001?
 (b) Whether plaintiff is entitled to temporary total disability benefits from April 22, 2002 and continuing?
 (c) Whether plaintiff is entitled to reasonable attorneys fees pursuant to N.C. Gen. Stat. § 97-88.1?
 (d) The issue of an underpayment of temporary total disability compensation was raised in the Pre-Trial Agreement but was not argued in either parties' contentions. Accordingly, it is assumed that this issue was resolved by the Form 22 and wage documentation submitted post hearing.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a forty year-old male with a high school education. Plaintiff worked for employer-defendant as a carpenter.
2. On May 19, 2001, plaintiff sustained an admittedly compensable injury by accident to his back when he fell on a roof while lifting felt. Defendant accepted plaintiff's back claim by filing a Form 60.
3. Plaintiff was initially treated at Sneads Ferry Medical Clinic by Dr. Thomas Mearns. Dr. Mearns referred plaintiff to Dr. Robert Abraham, a neurologist. Dr. Abraham diagnosed plaintiff with right lumbar radiculopathy and referred plaintiff to physical therapy. Plaintiff began physical therapy on July 31, 2001.
4. During physical therapy and during sexual intercourse plaintiff felt pain in his groin. Plaintiff was referred to Dr. Kyle B. Potts, a general surgeon, for his groin pain. On October 22, 2001, Dr. Potts examined plaintiff and diagnosed him with a severe groin strain. Dr. Potts placed plaintiff on nonsteroidal medication and assigned light duty work restrictions. Dr. Potts instructed plaintiff to return if his condition did not improve. Plaintiff did not return to Dr. Potts. Dr. Potts opined that plaintiff's groin strain should have resolved within eight to twelve weeks, with the ability to return to full duty work.
5. Based upon the testimony of Dr. Potts and Dr. Abraham, the greater weight of the competent evidence of record establishes that plaintiff's groin strain is causally related to his accident at work on May 19, 2001.
6. On March 8, 2002, Dr. Abraham released plaintiff for his back injury to return to full duty work as a carpenter. Dr. Abraham subsequently assigned plaintiff a seven percent (7%) permanent partial disability rating to his back.
7. On April 22, 2002, the carrier-defendant filed a Form 24 Application to Terminate Payment of Compensation. The Form 24 Application was approved and defendants were allowed to terminate benefits as of April 22, 2002.
8. On June 10 and 11, 2002, plaintiff was examined by Dr. Alan Tamadon, a board certified specialist in physical medicine and rehabilitation, for a second opinion. Dr. Tamadon performed electrodiagnostic studies of plaintiff's spine. The results of these tests were normal.
9. On June 11, 2002, Dr. Tamadon opined that plaintiff could return to work without restrictions and assigned him a zero percent (0 %) permanent partial disability rating to his back.
10. On July 17, 2002, plaintiff sought treatment with Dr. Rufus H. Warren, his family medicine doctor. Defendants were not informed of, and did not authorize, this appointment. Dr. Warren assigned light duty work restrictions to plaintiff. However, Dr. Warren testified that he was unaware that Dr. Abraham and Dr. Tamadon had released plaintiff to return to work full duty. Dr. Warren further testified that he would defer to the opinions of Dr. Abraham, plaintiff's treating neurologist, and Dr. Tamadon, an expert in physical medicine and rehabilitation.
11. Based upon the greater weight of the competent evidence of record, the Full Commission finds as fact that plaintiff was not temporarily totally disabled after March 8, 2002, the date Dr. Abraham released him to return to full duty work.
12. Based upon the greater weight of the competent evidence of record, the Full Commission finds that plaintiff sustained a seven percent (7%) permanent partial disability to his back.
13. Defendants did not defend this claim without reasonable ground.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On May 19, 2001, Plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment. The greater weight of the evidence of record establishes a causal relationship between plaintiff's injury by accident of May 19, 2001 and his groin condition. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is not entitled to total disability compensation after April 22, 2002, the date defendants filed a Form 24 Application to Terminate Payment of Compensation. N.C. Gen. Stat. §§ 97-29, 97-18.1.
3. Plaintiff is entitled to permanent partial disability compensation based upon a seven percent (7%) permanent partial disability rating to his back. N.C. Gen. Stat. § 97-31.
4. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of his compensable back and groin injuries as may reasonably be required to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19); 97-25.
5. Plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim that he is entitled to total disability compensation is hereby DENIED.
2. Subject to the attorney's fee approved below, defendants shall pay permanent partial disability compensation to plaintiff based upon a seven percent (7%) permanent partial disability rating to his back.
3. Defendants shall pay for medical expenses incurred or to be incurred as a result of the compensable back and groin injuries as may reasonably be required to effect a cure, provide relief, or lessen the period of disability.
4. Plaintiff's request for attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 is hereby DENIED.
5. A reasonable attorney's fee in the amount of twenty-five percent (25%) is hereby approved to be deducted from sums due plaintiff and paid directly to plaintiff's counsel.
6. Each side shall bear its own costs.
This the ___ day of June, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER